IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAIRPLAY ELECTRIC CARS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TEXTRON INNOVATIONS INC., AND TEXTRON, INC. (INCLUDING ITS E-Z-GO DIVISION),<br><br>Defendants. | )<br>)<br>)<br>)<br>) C. A. NO. 1:06-cv-00060-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY SECOND-FILED DECLARATORY JUDGMENT ACTION**

Pursuant to Fed. R. Civ. P. 12(b)(1), the first-filed doctrine, and 28 U.S.C. § 1404(a), Defendants Textron Innovations Inc., and E-Z-GO (A Division of Textron Inc.) (collectively "E-Z-GO), hereby move this Court to dismiss, transfer, or stay this second-filed action for "declaratory judgment." As set forth in the accompanying brief, the filing of this action by plaintiff FairPlay Electric Cars, LLC ("FairPlay") represents forum-shopping in its most egregious form. The parties to this case are already involved in litigation over the very same patents in the United States District Court for the Southern District of Georgia. In that case, the Court has entered a preliminary injunction against FairPlay, finding that it has committed acts of clear and intentional copying and design patent infringement. In a desperate attempt to escape the continued scrutiny of that Court, FairPlay subsequently filed this action requesting a

592054v1

declaratory judgment, based on an alleged need for this Court to declare that a new model of golf cars being introduced by FairPlay does not infringe E-Z-GO's design patents.

This Court should dismiss, transfer, or stay this action for at least the following reasons. First, the Court lacks subject matter jurisdiction over this action because plaintiff has no "reasonable apprehension" of being sued over its new "2007 ZX" model of golf car. E-Z-GO has not made any charge of infringement with respect to this new "2007 ZX" model of golf car. Under clearly-settled Federal Circuit law, FairPlay lacks a reasonable apprehension of being sued with respect to this car, and accordingly the Court lacks subject matter jurisdiction to hear this case.

Alternatively, if FairPlay contends that the pending Georgia litigation regarding the same patents creates a "reasonable apprehension" of being sued, then it is also evident that this is a mere second-filed action, and this Court should defer to the first-filed action regarding the same patents and the same parties.

The grounds for this Motion are set forth in detail in the accompanying brief and accompanying exhibits and declarations.

Dated: February 21, 2006                THE BAYARD FIRM

                                        /s/ Edmond D. Johnson
                                        Edmond D. Johnson (#2257)
                                        Peter B. Ladig (#3513)
                                        222 Delaware Avenue, Suite 900
                                        P.O. Box 25130
                                        Wilmington, DE 19801
                                        (302) 655-5000

                                        Attorneys for Defendants
                                        Textron Innovations Inc., and
                                        Textron Inc. (including its E-Z-GO Division)

-3-

OF COUNSEL:

Scott L. Robertson
Christopher C. Campbell
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500

Attorneys for Defendants
Textron Innovations Inc., and
Textron Inc. (including its E-Z-GO Division)

## CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on February 21, 2006, I electronically filed the foregoing *Defendants' Motion To Dismiss, Transfer or Stay Second-Filed Declaratory Judgment Action* with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

Edmond D. Johnson (#2257)

599598v1