UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FAIRPLAY ELECTRIC CARS, LLC,    :
                                :
        Plaintiff,              :
                                :
    v.                          :   Civil Action No. 06-60-JJF
                                :
TEXTRON INNOVATIONS, INC.,      :
                                :
        Defendant.              :

---

David Ellis Moore, Esquire and Richard L. Horowitz, Esquire of
POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.
Of Counsel: Craig N. Hentschel, Esquire and Jeffrey W. Deane,
Esquire of DYKEMA GOSSETT PLLC, Los Angeles, California.
Of Counsel: Allan J. Sternstein, Esquire and Timothy M. Morella,
Esquire of DYKEMA GOSSETT PLLC, Chicago, Illinois.
Attorneys for Plaintiff.

Edmund D. Johnson, Esquire and Peter B. Ladig, Esquire of
THE BAYARD FIRM, Wilmington, Delaware.
Attorneys for Defendant.

---

**MEMORANDUM OPINION**

May 15, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion To Dismiss, Transfer, Or Stay Second-Filed Declaratory Judgment Action (D.I. 8). For the reasons discussed, the Motion will be granted.

## I. BACKGROUND

On January 17, 2006, Textron Innovations, Inc. ("Textron") and E-Z-GO, a division of Textron, Inc., filed a Complaint against Fairplay Electric Cars, LLC ("Fairplay") in the United States District Court for the Southern District of Georgia, alleging patent and trade dress infringement, unfair competition, and deceptive trade practices ("the Georgia action"). The accused products in the Georgia action include Fairplay's Fleet, Legacy, and Legacy LX model electric golf cars, and the patents-in-suit are United States Patent Nos. 369,762, ("the '762 patent"), 345,717 ("the '717 patent"), and 373,099 ("the '099 patent"). Shortly after filing the Georgia action, E-Z-GO moved for a preliminary injunction against the making and selling of certain Fairplay products. On January 24, 2006, Judge Dudley H. Brown, Jr. granted the preliminary injunction motion, enjoining Fairplay from "making, assembling, importing, marketing, selling, or leasing the two-seater versions of [Fairplay's] Fleet and Legacy Model Golf Cars, or any equivalent golf car." (D.I. 16 at 3).

1

On January 30, 2006, Fairplay filed a Complaint in this Court, naming Textron, Textron, Inc., and E-Z-GO as defendants, and seeking a declaratory judgment that its 2007 ZX model golf car does not infringe the '717, '762, or '099 patents. Textron filed the instant Motion on February 21, 2006. Fairplay subsequently amended its Complaint (D.I. 16), leaving only Textron as a defendant.

## II. PARTIES' CONTENTIONS

By its Motion, Textron contends that the Court lacks subject matter jurisdiction over the instant action because there is no actual controversy as there have been no allegations of infringement relating to the 2007 ZX golf cars. In the alternative, Textron contends that the action should be transferred to the Southern District of Georgia, where the same patents and parties are already before the court. Finally, Textron contends that the instant action should be stayed pending resolution of the first-filed Georgia action.

In response, Fairplay contends that it has reasonable apprehension that Textron will sue it for infringement over the 2007 ZX golf cars. In support of this contention, Fairplay points to the Georgia action and to a letter sent by Textron to its dealers, which "implies" that the 2007 ZX golf cars infringe Textron's patents. Fairplay further contends that this action should not be transferred because it is properly before this

2

Court and is separate and distinct from the Georgia action.

## III. DISCUSSION

The Declaratory Judgment Act "requires an actual controversy between the parties before a federal court may exercise jurisdiction." 28 U.S.C. § 2201(a); EMC Corp. v. Norand Corp., 89 F.3d 807, 801 (Fed. Cir. 2004). An actual controversy exists when there are both "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." Gen-Probe, Inc. v. Vysis, Inc., 359 F.3d 1376, 1380 (Fed. Cir. 2004) (quoting BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993)). When the patentee's conduct falls short of an explicit threat, a court must look to the "totality of the circumstances" to determine whether the patentee's conduct gives rise to reasonable apprehension under the first prong of the test. Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 736 (Fed. Cir. 1988) (quoting Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 955 (Fed. Cir. 1987)).

The Court concludes that, under the totality of the circumstances, Fairplay has failed to demonstrate reasonable apprehension of suit, and thus, the Court lacks subject matter

3

jurisdiction. Fairplay contends that it has reasonable apprehension of suit because Textron has shown an intent to enforce its patents by filing the Georgia action. In support of its argument, Fairplay cites Vanguard Research, Inc. v. PEAT, Inc., 304 F.3d 1249 (Fed. Cir. 2002). In Vanguard, the Federal Circuit reversed the lower court's decision that it lacked subject matter jurisdiction over the declaratory judgment action. Id. at 1255-56. In reaching its decision, the Court took into account the litigation history between the parties and found the fact that the defendant had previously sued the plaintiff for trade secret misappropriation and breach of contract on the same technology in the same court gave rise to a reasonable apprehension of a patent infringement suit. Id. at 1255. Also adding to the reasonable apprehension were a letter sent to the plaintiff and statements made to customers indicating that plaintiff no longer had the right to market the technology. Id.

The Court concludes that the instant action is distinguishable from Vanguard for several reasons. First, the two actions have been filed in two different district courts. Second, the instant action and the Georgia action involve different products. Sierra Applied Scis., Inc. v. Advanced Energy Indus., 363 F.3d 1361, 1373 (Fed. Cir. 2004) (looking to each product to determine whether the Court had subject matter jurisdiction over the controversy involving that specific

product). The Georgia action pertains to the Legacy and Fleet golf cars, while this action concerns the 2007 ZX golf cars. Finally, Textron has made no statements nor given any indication to Fairplay that the 2007 ZX golf cars are infringing.

Fairplay contends that a letter sent by Textron to its dealers "implied that the ZX cars were an infringement and/or could not be sold." (D.I. 15 at 5). Fairplay, however, cannot rely upon the letter to establish reasonable apprehension because the letter was sent after the instant lawsuit was filed. (D.I. 15, Ex. G, Ex. 2); MedImmune, Inc. v. Centocor, Inc., 409 F.3d 1376, 1381 (Fed. Cir. 2005) ("the presence or absence of a case or controversy is based on facts at the time the complaint was filed"). Fairplay filed its Complaint on January 30, 2006, and the letter is dated January 31, 2006. The dealers did not receive the letter until shortly after January 31 (D.I. 15, Ex. G, Brock Declaration), and presumably, Fairplay, to whom it was not sent, did not receive it until even later.

Additionally, Fairplay, in discussing Textron, states that Textron "has acknowledged that the ZX car is not part of the Georgia action..., [Textron] has acknowledged that it has not alleged the ZX car infringes its patents, and Textron did not seek to add the ZX car to the Georgia action." (D.I. 15 at 4-5). Having found no explicit threat or implicit action to create reasonable apprehension, the Court concludes that the Court lacks

subject matter jurisdiction.

Further, the Court concludes that, even if it did have subject matter jurisdiction over this dispute, the Court would defer to the Southern District of Georgia, which already has the parties and patents-in-suit before it and has already entered an injunction relating to those parties and patents. <u>Exxon Corp. v. U.S. Dep't of Energy</u>, 594 F. Supp. 84, 89-91 (D. Del. 1984) (refusing to exercise jurisdiction and interfere where a court "of coordinate standing" had issued injunctive orders); <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995) (emphasizing the discretionary nature of the Declaratory Judgment Act).

## IV. CONCLUSION

For the reasons discussed, Defendant's Motion To Dismiss, Transfer, Or Stay Second-Filed Declaratory Judgment Action (D.I. 8) will be granted.

An appropriate Order will be entered.

6